IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ARTHUR DERIC HOLSING,　　　　　＊
　　　　　　　　　　　　　　　　＊
　　　　　　Plaintiff,　　　　　＊
　　　　　　　　　　　　　　　　＊
vs.　　　　　　　　　　　　　　＊　　No. 4:06cv00780 SWW
　　　　　　　　　　　　　　　　＊
　　　　　　　　　　　　　　　　＊
　　　　　　　　　　　　　　　　＊
DASSAULT FALCON JET CORP.,　　　＊
　　　　　　　　　　　　　　　　＊
　　　　　　Defendant.　　　　　＊

ORDER OF REMAND

　　　　Plaintiff Arthur Deric Holsing brings this action against Dassault Falcon Jet Corporation ("Dassault") asserting negligence, tort of outrage, and invasion of privacy based on a drug test (the results of which were negative) that he was given by Dassault. Plaintiff claims he was forced to urinate into a cup in front of four people, two of whom were female. This action was originally filed in the Circuit Court of Pulaski County, Arkansas, but was removed to this Court by Dassault on July 5, 2006, on grounds that its drug policies were developed in accordance with Federal Aviation Administration ("FFA") regulations and that the Omnibus Transportation Employee Testing Act of 1991 and corresponding FAA regulations, under which its drug policy was created, preempts any state-law cause of action.

　　　　Now before the Court is plaintiff's motion to remand to state court [doc.#15]. In his motion, which was filed May 22, 2007, plaintiff argues that a recent decision by Judge Wilson in *Hobby v. Dassault Falcon Jet Corp.*, 2006 WL 3802341 (E.D.Ark. Dec. 21, 2006), is on point and establishes that his state-law claims, none of which implicate the substantive standards of the

federal regulations, are not preempted and that removal was thus improper.[1]  This Court agrees. Dassault argues Judge Wilson's opinion in *Hobby* was in error, but this Court, having reviewed Judge Wilson's opinion as well as other federal authority, *see., e.g., Chapman v. Lab One*, 390 F.3d 620 (8th Cir. 2004); *Drake v. Laboratory Corporation of America Holdings*, 458 F.3d 48 (2nd Cir. 2006), determines that plaintiff's state-law claims are not in this instance preempted.

IT IS THEREFORE ORDERED that this action be remanded to the Pulaski County Circuit Court from which it was removed.

Dated this 31st day of May 2007.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[1] The plaintiff in *Hobby* claimed that Dassault violated its drug testing policy in the manner in which he was selected for drug testing and placed him in a false light by publicizing his failed drug test.